IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN ADAMS, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-15-467 |
| T. BICKERT, ET AL., | : | (Judge Brann) |
| Defendants | : | |

**MEMORANDUM**

May 12, 2015

**Background**

Shaun Adams, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also submitted an in forma pauperis application. For the reasons set forth below, Adams' action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants in the Complaint are three (3) officials at Adams' former place of confinement, the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield): Lieutenant Abroshoff; Correctional

1

Officers T. Bickert and H. Ersek. Plaintiff states that on or about March 6, 2013 he was escorted by Defendants Bickert and Ersek from the SCI-Smithfield Restricted Housing Unit (RHU) yard to his cell. Upon arriving at Adams' cell, CO Bickert allegedly "yanked on the handcuffs leaving an abrasion on my wrists." Doc. 1, ¶ IV(2). The Complaint adds that Bickert and Ersek refused Plaintiff's request for medical attention and Bickert "laughed and walked away smiling." Id. Adams also asserts that the following day he notified prison supervisors of the alleged incident. As relief, the Complaint seeks compensatory and punitive damages.

## **Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly

2

baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton, 504 U.S. at 33.

**Personal Involvement**

With respect to the civil rights claims against Lieutenant Abroshoff, civil rights claims cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in

3

the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Furthermore, prisoners have no constitutionally protected right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty

interest in access to that procedure).

Although the Complaint lists Lieutenant Abroshoff as being a Defendant, there are no other factual assertions whatsoever set forth regarding said official. As such, it appears that Plaintiff is attempting to establish liability against said Defendant based upon either his supervisory capacity or a failure to take action in response to Plaintiff's post-incident complaint.

Based upon an application of the standards set forth in Rode, the Complaint to the extent that it seeks to establish liability against Defendant Abroshoff under a theory of respondeat superior is subject to dismissal. Likewise, any attempt by Plaintiff to pursue a claim against Lieutenant Abroshoff based upon the handling of an administrative grievance or complaint does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). Since there are no viable assertions of personal involvement by Lieutenant Abroshoff in constitutional misconduct, dismissal will be granted in his favor.

5

**Excessive Force**

As discussed earlier, Plaintiff alleges that Correctional Officer Bickert "yanked on the handcuffs leaving an abrasion on my wrists." Doc. 1, ¶ IV(2). It is initially noted that there is no allegation that Correctional Officer Ersek exercised any force against Adams. Accordingly, under the personal involvement requirement of Rode, a viable claim of excessive force has not been alleged against Ersek.

A correctional officer's use of force in order to constitute cruel and unusual punishment, must involve the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize[s] that conduct prohibited by the Cruel and Unusual Punishment Clause, whether the conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id.

In a later ruling, the United States Supreme Court recognized that the use of force may constitute cruel and unusual punishment even if the prisoner does not sustain "significant" injuries. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir.); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir.

2000)(even a de minimis use of force, if repugnant to the conscience of mankind, may be constitutionally significant). As explained in Fuentes:

> Resolution of an Eighth Amendment claim therefore 'mandate[s] an inquiry into a prison official's state of mind.' Two considerations define that inquiry. We must first determine if the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. If not, our inquiry is at an end. However, if the deprivation is sufficiently serious, we must determine if the officials acted with a sufficiently culpable state of mind. In other words, we must determine if they were motivated by a desire to inflict unnecessary and wanton pain. 'What is necessary to establish an "unnecessary and wanton infliction of pain. . ." varies according to the nature of the alleged constitutional violation.'

206 F.3d at 344.

In the present case there is no allegation that the purported single yank on the inmate's handcuffs was retaliatory. There are also no facts asserted which could suggest that there was any pre-existing animosity between Adams and Bickert or that the officer acted with a malicious intent.

It is apparent to this Court that based upon an application of the factors announced in Brooks and Whitley to the Complaint, there are no facts set forth which could support a claim that the limited alleged action taken by Defendant Bickert was an intentional sadistic attempt to inflict harm on Plaintiff. See Wilson v. Horn, 971 F. Supp. 943, 948 (E.D. Pa. 1997)(a plaintiff must establish that the

force was applied maliciously and sadistically, instead of in good faith). Moreover, it appears that the yanking may have been incidental conduct which occurred as Plaintiff's handcuffs were being removed following his return to his cell. It is also noted that although the Complaint indicates that Bickert laughed and walked away, it is unclear whether that alleged response was in response to the alleged yanking of the handcuffs or in response to Adams' request for medical assistance.

Since the Complaint is devoid of any facts showing that the action purportedly taken by Defendant Bickert was the result of a malicious intent to inflict harm, a viable excessive force claim has not been stated.[1]

**Medical Treatment**

It is also alleged that Defendants Bickert and Erser denied Plaintiff's request to be provided with medical treatment for "an abrasion on my wrists" and scratches. Doc. 1, ¶ IV(2).

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by

---

[1] If the Plaintiff can present facts showing that the yanking on his handcuffs by Bickert was unnecessary and motivated by an intent to cause pain, he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum.

prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347.  "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment."  Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, it has been recognized by the Court of Appeals for the Third Circuit that cuts requiring no more than small bandages are not a serious medical needs covered by the Eighth Amendment.  See

Stankowski v. Farley, 251 Fed. Appx. 743, 748 (3d Cir. 2007).  Swollen wrists also does not constitute not a serious medical need.  See Wesson v. Igelsby, 910 F. 2d 278, 284 (5th Cir. 1990).  Second, there are no allegations that Plaintiff's alleged minor injuries required any medical treatment, or resulted in any type of permanent or long lasting harm.  Moreover, Adams has not come forth with any facts which could establish that his the scratches and abrasions to his wrists constituted anything more then temporary discomfort.  Based upon the above decisions, the purported scratches and abrasions to Adams' wrists as described in the Complaint did not constitute an obvious serious medical need as required under Estelle and Monmouth Co.  See Price v. Engert, 589 F. Supp.2d 240, 246 (W.D.N.Y. 2008)(wrist and hand injuries do not satisfy the serious medical need requirement).

Assuming arguendo that the Complaint did satisfy the serious medical need threshold, with respect to the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).  Based upon a liberal consideration of Plaintiff's allegations, there are no facts asserted showing that Adams' scratches and abrasions posed a substantial risk of serious harm which was apparent to Bickert and Ersek and ignored.  Accordingly, the subjective deliberate indifference component

has also not been met. Pursuant to the above discussion, a viable claim of deliberate indifference to Plaintiff's medical needs has not been alleged.

**Conclusion**

Since Plaintiff's pending civil rights claims are "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge